BISHOP, J.
 

 By their pleadings the parties have limited the issues with the result that the trial court was, and we are, confronted by the two questions that have been debated by counsel on this appeal. The answers we feel constrained to give to these questions require us to reverse the judgment that denied plaintiff any recovery.
 

 Plaintiff, in the discharge of a subcontract to do the painting on a house with many windows, set one of his employees to sandpapering the metal strips that separated the panes of glass. The employee carelessly scratched a number of the window panes, and after the defendant had disclaimed responsibility for the resulting damage, the contractor had the window panes replaced, at an expense of $425, and withheld that sum when he settled with the plaintiff.
 

 The plaintiff’s demand upon the defendant was based on a policy of insurance that the defendant had issued. The only reason advanced by the defendant for its refusal to admit the validity of plaintiff’s demand was that each pane damaged gave rise to a separate claim and no one pane was worth more than $50. It rested this reason upon the provision of the policy that “it is therefore understood and agreed that each claim covered by the policy whether or not more than one claim arising out of the one and same accident, shall be adjusted separately and any claim when determined which is not greater than Fifty and no/100 dollars ($50.00) shall be paid by the assured . . .”
 

 Before considering the question suggested in the facts related, we note that the defendant, when it came to answer the complaint, offered a new reason for its position that it was not liable for the property damage caused by plaintiff’s employee. It referred to subdivision (h) of the “Exclusions” of the policy, which provides that “This policy does not apply ... to injury to . . . property ... in the care, custody or control of the Insured. ’ ’ In our opinion, the window panes
 
 *894
 
 were never in the care, custody or control of the plaintiff, within the purview of subdivision (h).
 

 Eeverting to the $50 deductible provision, we find the word “claim” as there used neither certain in itself nor made certain by any provision of the policy. It is not unreasonable to say that the claim made upon the plaintiff by the contractor, to whom he was responsible, was for $425, the cost of replacing all the panes ruined by plaintiff’s employee. Undoubtedly the defendant was responsible for the drafting of the policy that it issued. The ambiguity arising from the use of the word “claim” must therefore be construed against it.
 
 (Coit
 
 v.
 
 Jefferson Standard Life Ins. Co.
 
 (1946), 28 Cal.2d 1, 3-4 [168 P.2d 163, 165, 168 A.L.R. 673].) Had the defendant desired to shift to the assured the liability for each $50 item that goes to make up a claim, it should have chosen terms that made that meaning clear.
 

 The judgment is reversed.
 

 Shaw, P. J., concurred.